205 So.2d 449 (1967)
Arthur James JOHNSON
v.
The PRINCEVILLE CANNING CO. et al.
No. 7184.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
*450 Joshua A. Tilton, Baton Rouge, for appellant.
Robert J. Vandaworker, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This suit is brought by plaintiff, Arthur James Johnson, against defendant, The Princeville Canning Company and its insurer, Liberty Mutual Insurance Company, seeking damages for injuries allegedly sustained when plaintiff was struck by Burney Howard, an employee of Princeville. It is alleged that plaintiff was struck by Howard acting in the course and scope of his employment with defendant, and that Howard's actions in striking him were unwarranted. From a judgment rejecting his demands, plaintiff brings this appeal.
Plaintiff testified that he had come to pick up his wife, who was employed by Princeville, and was parked alongside a fence waiting for her. He was sitting in the car talking to Sam Lee, when Burney Howard drove up in his truck and told him to get his car out of the way. Plaintiff told Howard that his car wasn't in the way, and according to plaintiff, Howard said, "If you don't I will push it out of the way." Before plaintiff could do anything else, Howard hit him on the side of his head.
According to Howard, he found that plaintiff's car was blocking the driveway into the weighing scales at the Canning Company. He testified that he asked plaintiff to move and plaintiff said to him, "What the hell is it to you?" Howard said he called the office on his radio and asked Mr. Charles Neal, who worked in there, to come out. Thereafter, he stated that plaintiff came to where he was standing by his truck and repeated, "What the hell is it to you?" When he again asked him to move the car, plaintiff ran his hand into his pocket. Howard said that he feared that Johnson was going to pull a knife on him, so he struck him once with his open hand. He further stated that after the altercation ended, but before he moved his car, plaintiff told him, "I will get you for this." Plaintiff denied having made any of the statements attributed to him by Howard, but Neal heard him tell Howard he would get him. Sam Lee, who was in the car with plaintiff, testified that both men were arguing in loud voices and that he was unable to hear what they said, although he saw the blow struck.
The trial judge found that the blow struck by Howard was unprovoked, but we are unable to agree with him in this conclusion. Plaintiff's version of the altercation is entirely unsupported by other testimony, whereas Howard's story is substantiated in a number of respects by Neal and by Sam Lee. Neal testified that he did receive a radio call from Howard, whereas Howard would have had no opportunity to make such a call if plaintiff's version of the occurrence is to be believed. Plaintiff testified that his car was not blocking traffic, but both Howard and Neal testified that it was blocking the way into the scales. Finally, plaintiff testified that he hardly had an opportunity to speak to Howard, whereas Sam Lee testified that he heard both men arguing in loud voices. It is the law of this State that where one provokes a difficulty by words or conduct which might be calculated to arouse resentment or fear on the part of another, he cannot recover for a battery committed by the other, provided that under the circumstances physical retaliation might reasonably be anticipated as a result thereof. Smith v. Parker, 59 So.2d 718 (La.App. 2 Cir.1952). Whether or not provocation is sufficient to justify a battery is a matter of fact to be determined in the light of the circumstances of each case.
We find that in this case the conduct of plaintiff was such as to preclude his recovery for a battery.
In view of our finding above, it is not necessary that we consider the question of *451 the vicarious liability of Princeville Canning Company for the tort of its employee, Burney Howard. The judgment of the district court is therefore affirmed, with all costs of this appeal to be paid by appellant.
Affirmed.