PRICE, Judge.
Plaintiff perfected this devolutive appeal from the judgment of the trial court rejecting his demands for damages suffered from an alleged assault and battery on finding that plaintiff provoked the encounter.
The facts giving rise to this action are as follows: On or about June 8, 1968, plaintiff, John Morneau, drove his Jaguar automobile to the service station operated by defendant, J. K. Watkins, for the purpose of having the oil replaced with a special racing blend which Watkins had previously ordered for Morneau. The plug in the oil pan was found to have been damaged and plaintiff authorized Watkins to remove it with a hammer and chisel. During its removal, Morneau attempted to find a replacement plug and being unsuccessful, returned with gasket material to aid in replacement of the damaged plug. While waiting in the station office, Morneau remarked that he would “pistol whip” the next person who damaged his car. After draining the oil and replacing the plug, defendant began lowering the hydraulic lift on which the car was placed. At this time plaintiff walked into the service bay and began complaining to defendant that his car had been damaged underneath by improper placement of the adjustable rack and that Watkins was going to pay for the damage. Watkins denied he had caused any damage to the vehicle. Plaintiff became very vehement about the damage and more heated accusations followed, leading to an exchange of blows.
Plaintiff brought this action against Watkins and his insurer, Traders & General Insurance Company, seeking damages for minor personal injuries, humiliation and embarrassment. Plaintiff also joined as defendants Curtis Parker Oil Company, Watkins lessor and oil products distributor, and American Oil Company, alleging they were solidarily liable for the damages because Watkins was their employee and agent.
In answer to plaintiff’s petition all defendants deny his right to recover, alleging that even if Watkins is found to have struck the first blow, plaintiff’s use of improper and insulting language provoked the attack and bars his right to recover damages. Various defenses were raised relating to the question of employee and agency relationship of Watkins with Curtis Parker Oil Company and American Oil Company. However, we shall pretermit discussion of these issues because of our view on plaintiff’s right torecovery. . ..
American Oil Company filed a reconven-tional demand seeking judgment for the balance owed by plaintiff of $850.22 for credit card purchases made by plaintiff of American Oil products. Plaintiff admits owing this balance and this issue is not in contest. Also, Traders & General Insurance Company was removed as a defendant by the granting of a motion for summary judgment, from which no appeal was taken.
We are of the opinion the evidence shows that Watkins struck the first blow in the physical encounter and the sole question to be resolved on this appeal is whether the actions and words of plaintiff which preceded the fight were sufficient to justify physical retaliation.
The evidence is conflicting on the exact language used by plaintiff. Watkins contends plaintiff used the expression “god damn” repeatedly within the hearing of his wife and when told not to use such language in Mrs. Watkins’ presence, plaintiff replied in words to this effect: “She hears worse than that every day from you and I will say what I please.” Watkins contends he then slapped at plaintiff with his open hand and plaintiff hit several blows, one of which cut Watkins’ forehead, causing severe bleeding.
Plaintiff contends the worse language used by him was “By God you have damaged my car.” He does admit Watkins objected to his use of certain language in the presence of his wife and that he retorted: *837 “Your wife hears worse than that from you every day and I will say as I please.”
The trial judge was convinced that plaintiff did use profane language. His evaluation of the effect of this language in relation to the probability or improbability of physical retaliation is very aptly stated as follows:
“After an examination of the record relative to the context in which the various statements were made, it is the court’s opinion that a reasonable person in plaintiff’s position should have anticipated that his behavior, and more particularly his statement, with reference to defendant’s wife’s insensibility to profanity would have produced physical retaliation by the defendant. The record is completely void of any evidence to establish that defendant’s wife was, in fact, insensible to the profanity which plaintiff was using nor was it established that the defendant, Watkins, was using any profanity.”
We think the general rule of law on this question is best expressed in the case of Johnson v. Princeville Canning Co., 205 So.2d 449, 450 (La.App. 1st Cir. 1967), which states:
“It is the law of this State that where one provokes a difficulty by words or conduct which might be calculated to arouse resentment or fear on the part of another, he cannot recover for a battery committed by the other, provided that under the circumstances physical retaliation might reasonably be anticipated as a result thereof. Smith v. Parker, 59 So.2d 718 (La.App. 2 Cir. 1952). Whether or not provocation is sufficient to justify a battery is a matter of fact to be determined in the light of the circumstances of each case.”
Reasonable anticipation of physical retaliation should be expected from the derogatory remarks made by the plaintiff while demonstrating an attitude of irritability and persistence in accusing Watkins of damaging his car.
We are of the opinion the evidence in this case amply supports the findings and conclusions of the trial judge on the question of provocation, and we find no error in his rejection of plaintiff’s demands.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.