CULPEPPER, Judge.
Plaintiff seeks damages for assault and battery committed upon him by the defendant. The district judge found plaintiff at fault in provoking the difficulty by insulting remarks. From a judgment dismissing his suit, plaintiff appealed.
The general facts are that plaintiff and defendant had played together in a country music group and were good friends. Plaintiff visited in defendant’s home frequently until Mrs. Walls complained of the manner in which plaintiff left the bathroom soiled. As a result of this, Walls told Fontenot not to come to his house again.
Shortly thereafter, Fontenot and Walls both attended a country music festival. Walls went to the table at which Fontenot was sitting and asked him to play with the music group. Fontenot refused, because he was no longer welcome in Walls’ home.
There is a conflict in the testimony as to what happened after that. Plaintiff testified Walls directed an obscene remark to him in the presence of his two nieces, so plaintiff told him that if he came back “I’d kick his behind.” Defendant denies mak> ing any obscene remark. In any event, defendant turned and started walking away from the table.
Fontenot testified further that after Walls started walking away from the table, he suddenly turned around and came back and struck Fontenot in the face with his fist. Plaintiff denies making any remark which provoked defendant into coming back to the table and striking him.
Defendant testified that after he started back toward the bandstand, plaintiff called him a “dirty son of a bitch.” Walls says that on hearing this obscenity directed toward him, he became enraged and turned around and went back and struck Fontenot. No further blows were exchanged.
In his written reasons, the district judge resolved the conflict in the testimony as follows:
“Although there is a great deal of discrepancy among the witnesses’ testimony, they are agreed (including those witness *273 es who were related to the plaintiff and seated at his table when the incident occurred) that Walls spoke to plaintiff and then walked away from the table. He then turned and came back and struck the plaintiff. Plaintiff denies that he called defendant ‘a dirty son-of-a-bitch' or any similar words were used and his table partners testified they were busy in conversation and did not hear any such words, although they heard the first conversation between these parties. It seems clear that plaintiff must have provoked this incident for defendant had walked away from the table and then came back — and it would have to have been because plaintiff had made some derogatory remark about the plaintiff.”
The record amply supports this evaluation by the trial judge of the conflicting testimony.
The applicable law of this state is now well established. Although in criminal law mere words will not justify an assault and battery, the rule is different in civil cases. In Baughman v. Wells, 171 So.2d 759 (La.App.2d Cir.1965) the court reviewed the jurisprudence and succinctly stated the law as follows:
“It appears, therefore, that while abusive, insulting, or defamatory remarks applied by a plaintiff to a defendant may be shown in a civil action as a provocation for assault and battery, this may be done only if the derogatory remarks were such as to justify the conclusion that it should have been anticipated that physical retaliation would be attempted and be looked upon as the certain forerunner of a violent physical encounter.”
See also the more recent cases of Johnson v. Princeville Canning Co., 205 So.2d 449 (La.App. 1st Cir.1967) and Morneau v. American Oil Company, 255 So.2d 835 (La.App.2d Cir.1972). We are aware that our Supreme Court granted writs in the Morneau case and has not yet rendered its decision. But unless and until our highest court changes the rule quoted above from the Baughman v. Wells, we will follow the established jurisprudence.
Also applicable here is the rule stated in Veillon v. Sylvester, 174 So.2d 189 (La.App. 3rd Cir.1965) that “in an action for damages for assault and battery the burden is upon plaintiff to establish by a preponderance of the evidence that such an assault occurred and that he was not at fault in provoking the difficulty which led to the assault.” (Citations omitted)
Under these rules of law, we find no manifest error in the conclusion of the trial judge that under the circumstances the defamatory remark applied by plaintiff to defendant was such that it should have been anticipated that physical retaliation would be attempted.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.