EDWARDS, Judge.
This is a suit by John Landry to recover damages for injuries sustained as a result of a battery inflicted by the defendant, Brad Davis. After trial on the merits, judgment was rendered awarding Landry the sum of $3,000.00 as damages and $186.00 as medical expenses. From this judgment, Landry has appealed contending that the damage award is grossly inadequate. Davis answered the appeal and requested that the judgment be reversed, or, in the alternative, reduced as being excessive.
The record discloses that the incident occurred at approximately 2:00 a. m. on June 10, 1975, in the parking lot adjoining Joe Reed’s bar in Baton Rouge. As Landry was leaving the bar, he became involved in an altercation with Donald Donahue, another patron at the bar and also a friend of Davis. Donahue, in the course of the fight, shattered a cocktail glass against Landry’s face. However, Landry quickly gained a superior position on the ground on top of the smaller and lighter Donahue. Landry then began *839 delivering unanswered blows to Donahue’s head and face.
Davis contends that he was in a crowd around the fighters, and that he shouted twice to Landry to stop the fight. Landry denies hearing Davis’ shouts. In any event, when Landry did not stop hitting Donahue, Davis stepped from the crowd and kicked Landry in the face. Landry continued fighting and Davis kicked him in the face a second time. After this second kick, the fight ended and Landry was taken to the hospital for medical attention.
Landry thereafter instituted this suit for damages against Davis.
Davis contends that his actions were justified and privileged as he acted in defense of another, Donahue, who was receiving a beating.
One may use force to defend another without thereby incurring civil liability. Goodwin v. Beene, 147 La. 177, 84 So. 579 (1920). Duncan v. Tanner, 85 So.2d 685 (La.App.Orl.Civ.1956). See also Bond v. Toriello, 260 So.2d 727 (La.App. 4th Cir. 1972), writ denied 262 La. 189, 262 So.2d 788 (1972). Gf. LSA-R.S. 14:22.
However, this privilege is not without qualification, so that one’s actions must be reasonable and not accompanied by excessive force. Bond v. Toriello, supra; McKellar v. Mason, 159 So.2d 700 (La.App. 4th Cir. 1964), writ denied 245 La. 1075, 162 So.2d 571 (1964), and cases cited therein.
In the present case, we find, as did the trial court, that Davis used excessive force. Thus, his actions were not privileged. The trial court was therefore correct in holding Davis liable for the injuries he inflicted on Landry.
On the issue of quantum, Landry contends the award is inadequate and Davis contends that it is excessive.
We find inapposite the numerous cases cited by Landry in support of an increase in damages. Though Landry sustained some disfigurement as a result of the incident, the trial judge noted that the scars were relatively minor. Additionally, we believe that there is considerable uncertainty regarding the exact origin of the scarring injuries, i. e. from the shattered cocktail glass or from Davis’ kicks. Therefore, we do not believe any increase in damages for disfigurement is warranted. Additionally, we decline to award damages for loss of earnings as the record indicates that Landry has failed to substantiate his claim.
We find that the trial court’s award is neither excessive nor inadequate.
From the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.