HALL, Judge.
This is a suit for damages for the wrongful death of Fred Douglas Curry who was fatally shot during an altercation at the Truckers Paradise Cafe. The plaintiffs are the parents of the deceased. The defendant is Joe Bagwell, owner and operator of the cafe. After trial on the merits the district court found that the only issue to be determined was whether the force used by Bag-well to repel the aggressive actions of Curry was reasonable under the circumstances of the case. The court found that the use of deadly force by the defendant was justified and reasonable under the circumstances, and rendered judgment dismissing the plaintiffs’ suit. On the plaintiffs’ appeal, we affirm.
After midnight, October 2, 1971, Curry, a 175-pound, 19-year-old black man, in the company of several friends, entered Truckers Paradise Cafe, an all-night cafe located on 1 — 20 east of Minden, Louisiana. There were a number of customers in the cafe at the time. Three of the men, Curry, Curtis Judgeware, and Judge Hill, III, sat down at the counter while the fourth placed himself at a table nearby. All of the men had obviously been drinking and the deceased was intoxicated. Curry made insulting and abusive remarks to a waitress, who, upset by these comments and fearful for her safety, told defendant about the remarks, and indicated she might need some help. Defendant a 150-pound man in his late forties who had only recently been released from the hospital following an operation removing a goiter from his neck, walked over to the counter where Curry and his friends were sitting. Curry and his friends quieted down, so defendant returned to his station at the cash register. After finishing their meal the men went to the cash register to pay their bills. Judgeware wished to pay for Curry’s meal and had it placed on his ticket. As Judgeware was paying the bill Curry interrupted and insisted he was pay *1165 ing too much. Bagwell attempted to explain that Judgeware was paying for two meals. Words were exchanged for a few moments and suddenly Curry attempted to grab the bill out of Bagwell’s hand. The defendant immediately snatched his hand away. Curry than lunged across the counter that separated him from Bagwell and grabbed the defendant by the throat. The defendant pulled a tear gas pistol from his pocket and fired it a disputed number of times, probably twice, into Curry’s face. This did not stop the deceased who proceeded to wrestle Bagwell to the floor. As the men went to the floor or after they were on the floor, Bagwell pulled a .25 caliber pistol from his pocket and fired one shot, striking the deceased in the side and causing a wound which resulted in his eventual death. Defendant got out from under Curry and, not knowing whether he had hit Curry, fired at him again with the tear gas gun. When it was realized that Curry had been shot, the sheriff’s department and an ambulance were called. ■ Curry died on the way to the hospital.
Judgeware and Hill, testifying for plaintiffs, testified contrary to the facts recited above in several material respects. However, the trial court correctly gave little weight to their testimony, particularly that of Hill, because of substantial discrepancies between their testimony and statements given to the sheriff’s department the day after the shooting. The facts as recited above are established by the testimony of Bagwell, his wife, the waitress, and two customers who were in the cafe at the time of the incident.
Appellants readily admit that Curry was the aggressor in this altercation but contend that the defendant used excessive force in repelling the aggression of the plaintiff. The law is well settled that even where there is an aggressive act on the part of the plaintiff justifying a battery, the person retaliating may use only so much force as is necessary to repel the aggression. If he goes beyond this and uses force in excess of what would have been reasonably necessary, he is liable for damages for injury caused by the use of such unnecessary force. Oakes v. H. Weil Baking Co., et al., 174 La. 770, 141 So. 456 (1932); Davis v. Marie, 339 So.2d 370 (La.App. 1st Cir. 1976), writ refused La., 341 So.2d 5 (1977); Bauman v. Heausler, 188 So.2d 189 (La.App. 4th Cir. 1966); Mut v. Roy, 185 So.2d 639 (La. App. 1st Cir. 1966); Whittington v. Levy, 184 So.2d 577 (La.App. 4th Cir. 1966). In determining what force is justified in repelling an attack all facts and circumstances at the scene of the incident must be considered. Babineaux v. Pernie Bailey Drilling Company, 335 So.2d 747 (La.App. 3d Cir. 1976). The yardstick of the reasonable, prudent man is, generally speaking, the judicial tool used to measure whether the force used to repel attack was excessive. Wilson v. Dimitri, 138 So.2d 618 (La.App. 4th Cir. 1962). Resort to the use of a dangerous weapon in order to repel an attack on one’s person cannot be countenanced as justifiable save in exceptional cases where the actor’s fear of danger is not only genuine but is founded on facts which would likely produce similar emotions in men of reasonable prudence. Davis v. Marie, supra; Mullins v. Pence, 290 So.2d 803 (La.App. 1st Cir. 1974), writ refused, La., 294 So.2d 547 (1974).
The trial judge found that in this case, “ . . . while not exactly on all fours with Mullins v. Pence, . . . the evidence adduced is very similar. In the case at hand, the Court finds that Fred Curry was in fact the aggressor; that his physical size was slightly larger than that of Joe Bagwell; that Joe Bagwell was recovering from surgery; and that despite being shot in the face with tear gas, Mr. Curry continued his aggression; and that Mr. Bagwell could in fact reasonably fear great bodily harm. For these reasons, the Court finds that the use of deadly force by Mr. Joe Bagwell under the circumstances as shown by the evidence, was justified and reasonable.”
We agree with the trial judge’s finding and find great similarity between the case cited and the case at hand. In Mullins the plaintiff, a boilermaker, was 6-feet tall and *1166 weighed approximately 215 pounds, while the defendant was approximately 5'4", weighed 145 pounds, and was crippled with one leg being approximately five inches shorter than the other. The plaintiff threatened to tear off the defendant’s arm and began climbing over the bar after him. The defendant shot plaintiff but plaintiff continued his advancement and the defendant fired four more shots from a .32 caliber pistol into plaintiff. The court concluded the defendant was justified in using the force he did to repel the aggression of the plaintiff.
In the present case the evidence supports defendant’s claim that he fired a tear gas pistol into the face of Curry but this less than deadly force did not halt Curry’s aggression. This fact, coupled with the facts that Curry was obviously intoxicated, younger, and larger than the defendant who was still recovering from an operation, and that he had his hands about defendant’s throat over a fresh surgery scar, lead us to believe, as it did the trial court, that defendant’s fear of the danger of death or severe bodily harm was genuine and founded on facts which would likely produce similar emotions in men of reasonable prudence.
We find that the plaintiffs’ contention that there were several truck drivers in the cafe at the time who would have rendered help to the defendant, making it unnecessary for the defendant to use a deadly weapon, is unsupported by the evidence and mere speculation. As perceptively noted by the waitress in her testimony, “it only takes a second to lose your life.” The fact is that no one had come to the defendant’s assistance at the time he felt compelled to protect himself by use of the gun.
The facts surrounding the incident were sufficient to raise a high degree of apprehension in a reasonable man and to cause Bagwell to genuinely believe that he was in jeopardy of death or serious bodily harm. We, therefore, conclude that Bagwell did not use excessive force in order to repel Curry’s violent attack upon him.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.