392 So.2d 777 (1980)
Ella RICHARD, et al, Plaintiffs-Appellants,
v.
Hosey J. GUILLORY et al, Defendants-Appellees.
No. 7987.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*778 Due, Dodson & deGravelles, John W. deGravelles, Baton Rouge, and Marcantel & Marcantel, David E. Marcantel, Jennings, for plaintiffs-appellants.
Plauche, Smith, Hebert & Nieset, Allen L. Smith, Jr., and Frank M. Walker, Jr., Lake Charles, for defendants-appellees.
Before FORET, CUTRER and LABORDE, JJ.
FORET, Judge.
This is a tort action. Ella Richard, Theresa Manuel and Alonzo Manuel (plaintiffs) are seeking recovery for property damage and personal injuries sustained in an automobile-truck collision. Hosey Guillory[1], the driver of the truck; Guillory Tank & Truck Service, Inc., owner of the truck; and General Accident Fire & Life Assurance Corporation, Ltd. (General Accident), *779 liability insurer of the truck, were named defendants. The State of Louisiana, through the Department of Health and Human Resources[2], intervened in this suit.
The trial court rendered and signed judgment[3] in favor of plaintiffs on June 18, 1980. It awarded Alonzo Manuel $250.00 for pain and suffering and $100.00 medical expenses, for a total of $350.00. Theresa Manuel was awarded $1,500.00 for damage to her automobile, $177.00 for lost wages, $114.45 for medical expenses and $400.00 for pain and suffering.[4] Ella Richard, most seriously injured in this accident, was awarded $1,903.70 for medical expenses, $5,467.44 for lost wages, and $6,000.00 for general damages for physical injury, including pain and suffering, for a total of $13,371.14.
The plaintiffs (appellants) filed a motion for a devolutive appeal which was granted on July 21, 1980. The appellants present four issues for our determination:
(1) Whether the trial court erred as a matter of law in failing to award any general damages for Ella Richard's psychiatric or psychological injuries suffered as a result of the accident;
(2) Whether the trial court was manifestly erroneous in failing to find that the psychiatric or psychological injuries suffered by Ella Richard were disabling and further erred in failing to award any damages for said disability;
(3) Whether the trial court was manifestly erroneous in awarding a grossly inadequate sum for general damages for the physical injuries suffered by Ella Richard, and
(4) Whether the trial court was manifestly erroneous in awarding a grossly inadequate sum for general damages for injuries suffered by Alonzo and Theresa Manuel.

FACTS
This action arises out of a collision between a 1973 Ford Torino, owned by Theresa Manuel and being driven by Alonzo Manuel, and a fully-loaded tank truck (eighteen wheeler) owned by Guillory Tank & Truck Service, Inc. and being driven by its employee, Hosey Guillory.
The accident occurred at the intersection of West Division Street and La. 26 in the City of Jennings, Louisiana, at approximately 9:00 P.M. on the evening of April 27, 1978. This intersection is controlled by an electric semaphore light.
Theresa Manuel and her mother, Ella Richard, were passengers in the Torino. They were proceeding in a westerly direction on West Division Street as they approached the above intersection. Hosey Guillory was driving his truck south on La. 26. There was another truck owned by Guillory Tank & Truck Service, Inc. and being driven by Michael Abshire north on La. 26. Abshire had brought his truck to a stop at the intersection in deference to a red light. He testified that the truck being driven by Hosey Guillory failed to stop for the red light and struck the right side of the Torino, injuring its occupants.
Plaintiffs filed suit on September 15, 1978, alleging that Hosey Guillory's negligence in running the red light was the sole and proximate cause of this accident.
The defendants-appellees answered, alleging that if the trial court found Hosey Guillory negligent, then it should hold that Alonzo Manuel was guilty of contributory negligence in causing the accident.
*780 This action was tried on February 27, 1980, with the trial court finding the negligence of Hosey Guillory to be the sole and proximate cause of the accident.

TRIAL COURT'S FAILURE TO AWARD DAMAGES FOR MENTAL INJURY TO ELLA RICHARD
The appellants, in their first assignment of error, raise the issue of whether the trial judge erred in failing to award any general damages for the alleged psychiatric or psychological injuries suffered by Ella Richard as a result of the accident.
The record reveals that Ella Richard is a fifty-seven-year-old woman who had never been treated for nervous or emotional problems prior to this accident. She had no formal education and had worked for most of her life. She had been employed for two years immediately preceding the accident at the Jennings Guest House where she worked as a cook's helper.
Dr. Gilles Morin, a Lake Charles physician specializing in psychiatry, testified on behalf of defendants-appellees by deposition. He examined Ella Richard on February 15, 1980, and testified that Mrs. Richard's chief complaints were nervousness, depression, insomnia, pain in the right side of the chest and right leg. Dr. Morin found Ella Richard to be totally illiterate and her intelligence borderline dull. He testified that she was extremely passive during the examination. He found her to be depressed in terms of her attitude, noting that her energy level seemed to be at a low ebb, which he testified was consistent with a finding of depression. Dr. Morin was of the opinion that Ella Richard had suffered a depressive reaction of neurotic proportion.
Dr. William P. Cloyd, Jr., a Lafayette physician practicing psychiatry, testified on behalf of appellants by deposition. He examined Ella Richard on August 20, 1979, and she related complaints of nervousness, tension, irritability, and general depression to him. His observations made during the examination were an emotional appearance which was somber, a mood of depression associated with a considerable level of tension, and extreme passiveness. She cried a great deal throughout the examination. Dr. Cloyd testified that this, along with her thought content, indicated a person who was attempting to deny or repress her emotions to a great degree in order to maintain her feelings intact. His opinion was that this plaintiff was suffering from a major depressive illness, and that the accident was the precipitating factor in the development of this illness.
Ardine Yancy, a daughter of Ella Richard, testified as to her observations regarding the change in the mental health of her mother after the accident. Ardine Yancy had taken her mother into her home upon her release from the hospital. She stated that for the first month and a-half her mother could not get out of bed at all, and after that, she needed assistance to do so. Ardine testified that her mother became very depressed and felt that she was just a burden on everyone. She would also become very restless and nervous at times. Ardine testified that her mother was receiving mental therapy from the mental health clinic in Jennings.
Theresa Manuel, the daughter who was injured along with Ella Richard in the accident, also testified as to the changes in her mother's mental health after the accident. Ella Richard had been living with Theresa at the time of the accident. Theresa testified that before the accident, her mother would work five days a week and that her usual working hours were from 5:00 A.M. to 1:00 P.M. Theresa further testified that when her mother was at home, she was very active and was always cleaning up, cooking, or washing clothes. Theresa stated that since the accident, her mother did nothing but sit around the house or walk outside.
The appellants argue that the trial court failed to award Ella Richard any general damages for mental injury resulting from the accident. They cite language in the trial court's written opinion that Ella Richard is entitled to the sum of $6,000.00, "for general damages for physical injury, including pain and suffering" in support of their argument.
*781 The defendants-appellees contend that the trial court awarded no general damages for mental injury to Ella Richard because it found that she had failed to prove such. However, defendants-appellees produced no evidence to counter the great weight of plaintiffs' evidence to the contrary. Defendants-appellees' own medical expert testified that his opinion was that this plaintiff had suffered physical injury in an accident and had subsequently slipped into a depression.
We find that the evidence shows that Ella Richard suffered a depression neurosis as a result of this accident.
There is no doubt that a depression neurosis or emotional trauma, caused by an accident, is a compensable item of damage. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lalonde v. Weaver, 360 So.2d 542 (La.App 4 Cir. 1978); Burt v. Aetna Life & Casualty Insurance Company, 341 So.2d 589 (La.App. 2 Cir. 1977); Schexnayder v. Carpenter, 338 So.2d 344 (La.App. 3 Cir. 1976), amended and affirmed, 346 So.2d 196 (La. 1977); Cosey v. Allen, 316 So.2d 513 (La. App. 1 Cir. 1975).
We hold that the failure of the trial court to award general damages to Ella Richard for the depression neurosis caused by the accident constitutes error.
There is no necessity for a remand to determine the amount to which Ella Richard is entitled as the record before us provides an adequate basis for this Court to make the award. We award Ella Richard the sum of $10,000.00 in general damages for mental injury.

ELLA RICHARD'S ALLEGED PERMANENT DISABILITY
The appellants' second assignment of error raises the issue of whether they have proven that Ella Richard has been permanently disabled by the mental injuries she suffered as a result of the accident.
The appellants sought to recover $52,742.00 on behalf of Ella Richard for loss of future earnings.
A plaintiff who seeks to recover for loss of future earnings has the burden of proving the extent of his injuries resulting from the accident. He must also prove whether such injuries have incapacitated him from, in the future, doing work of a reasonable character, that is, work for which he was fitted by training and experience, of the same or similar kind in which he was engaged at the time of the accident. Viator v. Gilbert, 253 La. 81, 216 So.2d 821 (1968).
Appellants argue that they have proven, by a preponderance of the evidence, that Ella Richard's mental injuries suffered in the accident have permanently disabled her to the point where she can no longer engage in gainful employment.
The only medical evidence adduced by appellants in support of their argument is that of Dr. William Cloyd. Dr. Cloyd's prognosis for her recovery to a degree where she would be employable was extremely poor. He felt that the symptoms displayed by her such as depression, irritability, nervousness and forgetfulness, combined with her age, limited intellectual and emotional assets, would render her incapable of taking on the responsibilities related to a job.
However, under cross-examination, he admitted the fact that he had examined her once and then for only a short period of time, and that his conclusion was based solely on what had been told to him by Ella Richard and her daughter. He further testified that it might actually be beneficial for Ella Richard to return to work, if she felt able to do so.
Dr. Gilles Morin, the other psychiatric specialist, testified that he found no evidence of a serious mental injury such as psychosis. He stated that Ella Richard tended to minimize her problems before the accident and maximize those after the accident. He was of the opinion that Ella Richard was in no way disabled by her emotional problems, and felt that a return to work would be beneficial for her.
*782 We note that Dr. Ethel Smith, a general practitioner in Lafayette; Dr. Harlie Bearden, a specialist in family practice in Jennings; and Dr. Edward Phillips, an orthopedic surgeon in Lake Charles, all testified on behalf of appellants. They concurred in the finding that Ella Richard was suffering from no physical disability which would prevent her from seeking gainful employment at the time of trial.
The trial court found that Ella Richard had been disabled for a period of one year following the accident. We conclude that such a finding is adequately supported by the record.
We hold that appellants have failed to prove any permanent decrease in Ella Richard's earning capacity as a result of the mental injury she suffered in the accident.
The trial court awarded Ella Richard $5,467.44 for loss of wages during the oneyear period of disability. Appellants argue that Ella Richard should have been awarded $10,657.00 for loss of wages from the date of the accident to the date of the trial. We find no merit in appellants' contention because of our agreement with the trial court on the duration of the alleged disability. Similarly, we also find no merit to appellants' claim for future medical expenses.

QUANTUM
Appellants raise the following issues in their third and fourth assignments of error:
(1) Whether the trial court's award of $6,000.00 to Ella Richard for general damages in connection with the physical injuries which she suffered in the accident is grossly inadequate.
(2) Whether the trial court's awards of $400.00 to Theresa Manuel and $250.00 to Alonzo Manuel for general damages for injuries suffered in the accident are grossly inadequate.
Whenever the issue of quantum is considered on appeal, the court must make an initial inquiry as to whether the trial court's award for the particular injury, and its effect on this particular injured person, is a clear abuse of the trier of fact's "much discretion", LSA-C.C. Article 1934(3), in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may, on appellate review, be considered either excessive or insufficient. Reck v. Stevens, 373 So.2d 498 (La.1979); Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, supra; Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967).
We have reviewed the record with respect to the physical injuries suffered by Ella Richard in the accident. These injuries included six fractured ribs, a partial pneumothorax[5], and bruises of the right chest, hip and leg. We have no doubt that a person who suffers six fractured ribs will experience severe pain for some time. The medical testimony in the record indicates that Ella Richard experienced pain for a period of twelve months on a diminishing basis. We feel that the award of the trial court of $6,000.00 to this plaintiff for physical injury, including pain and suffering, is somewhat low. However, our review of the record discloses no clear abuse of the trier of fact's much discretion.
We have further reviewed the record with regard to the injuries suffered by Theresa Manuel and Alonzo Manuel in the accident. Theresa Manuel suffered a laceration to her forehead and contusion and swelling of her left leg. She was awarded the sum of $400.00 in general damages. Alonzo Manuel suffered a strain to the muscles in his left shoulder area and was awarded the amount of $250.00 in general damages. We can make no finding of a clear abuse of the trier of fact's much discretion in its award of damages to these two appellants.
For the above and foregoing reasons, the judgment of the trial court with regard to *783 Ella Richard is amended and affirmed, awarding her the sum of $10,000.00 for mental injury, etc., $1,903.70 for medical expenses, $5,467.44 for lost wages, and $6,000.00 for general damages for physical injury, including pain and suffering, for a total of $23,371.14. The awards of the trial court to the other appellants are affirmed.
Costs of this appeal are assessed against the defendants-appellees.
AMENDED AND AFFIRMED.
NOTES
[1] On motion of plaintiffs, Hosey Guillory was dismissed from the suit at the beginning of the trial.
[2] The State of Louisiana, through the Department of Health and Human Resources, filed a petition in intervention on January 30, 1979. It argued that it had paid or was obligated to pay certain assistance payments and/or medical expenses on behalf of plaintiff, Ella Richard, as a direct result of the injuries received by her in the accident, totaling $180.00. It sought to recover this amount.
[3] In the trial court's judgment, no mention is made of the claim by the State of Louisiana.
[4] The judgment of the trial court awards this plaintiff $2,191.45 instead of $2,221.45, which is the total of the amount of the award outlined in the trial court's written reasons for judgment. There is no explanation for this discrepancy, and the plaintiff has not alleged any error.
[5] Pneumothorax is a condition where air is allowed to enter into the thoracic cavity because of some type of injury.