440 So.2d 801 (1983)
Xavier SMITH
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, et al.
No. 83 CA 0018.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
Writ Denied January 27, 1984.
*802 Charles M. Hughes of Talley, Anthony, Hughes & Knight, Bogalusa, for plaintiff-appellant.
Jerome Friedman, Metairie, for defendant-appellant Louisiana Farm Bureau Mut. Ins. Co.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Louisiana Farm Bureau Mutual Insurance Company, appeals the trial court's determination of its liability arising out of an automobile accident involving one of its insureds, Elizabeth Campbell, and plaintiff, Xavier Smith.
On February 25, 1980, plaintiff was traveling east on West Olive Street in Amite, Louisiana. Upon arriving at the intersection of West Olive Street and Second Street, a four-way stop, plaintiff stopped. After stopping, plaintiff looked left, then right, and then left again while proceeding into the intersection. He testified that when he first looked left, he observed a vehicle approaching at a good rate of speed. Upon looking left the second time, plaintiff determined that the driver of the other vehicle was apparently not going to stop for the stop sign. Plaintiff's daughter, Miss Dorothy Hines, testified to these same facts.
The investigating officer, Allen Eugene Miller, stated Mrs. Campbell skidded approximately 13 feet. Mrs. Campbell was ticketed for running a stop sign and excessive speed.
The trial court found Mrs. Campbell negligent and awarded plaintiff damages in the amount of $16,698.60. This award covered general damages, medical expenses, fair market value of plaintiff's car, and a wrecker charge.
Defendant asserts the trial court erred in finding that this accident was caused solely and entirely by the negligence of Mrs. Elizabeth Campbell and in failing to find that plaintiff was contributorily negligent. Plaintiff asserts the trial court erred in the quantum of the general damage award.
Defendant admits in brief that its insured, Elizabeth Campbell, was negligent in causing the damages sustained. However, it asserts that plaintiff's actions constitute contributory negligence, sufficient to bar his recovery.
The question of whether the plaintiff's actions were reasonable in light of the circumstances of the case is one of fact. Thibodaux v. Potomac Insurance Company, 201 So.2d 159 (La.App. 1st Cir.1967). This court must give great weight to the factual conclusions reached by the trier of fact, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and may not substitute our own evaluations and inferences for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); and Esta v. Dover Corporation, 385 So.2d 439 (La.App. 1st Cir.), writ denied, 392 So.2d 690 (La. 1980).
In this instance, the trial court found as a matter of fact, that the plaintiff had complied with the law by stopping at the stop sign and looking in both directions. He further stated that there was no evidence to indicate that Elizabeth Campbell would not stop until plaintiff had almost crossed the intersection. Upon a thorough review of the record, we find that the trial court's conclusions are supported by the record. Accordingly, we find defendant's contention that the plaintiff was contributorily negligent is without merit.
*803 Plaintiff asserts that the trial court erred in awarding only $14,500.00 in general damages. He cites Clements v. AllState Insurance Company, 383 So.2d 1375 (La. App. 4th Cir.), writ denied, 385 So.2d 793 (La.1980) and Billeaud v. United States Fidelity & Guaranty Company, 349 So.2d 1379 (La.App. 3rd Cir.1977) in support of his contention.
In Clements, supra, $20,000.00 was awarded to a plaintiff who sustained rib fractures and a cervical strain resulting in continued muscle spasms in an automobile accident. In Billeaud, supra, the jury gave an award of $17,081.12 to a 78-year old man who sustained two fractured ribs, a bruised thigh, and a bruised kidney. Plaintiff asserts that Billeaud, supra, closely approximates the injuries sustained here and is more indicative of the amount of award that plaintiff should have received in the instant case.
The record reflects that plaintiff received fractures of the left sixth through the twelfth ribs, with a separation of fracture fragments. He also developed a hematoma on his left chest wall over the fractured ribs. At the time of trial, it appeared that the plaintiff was able to get around and suffered only minor discomfort. Additionally, plaintiff's mental attitude was good. We note that there are great psychological and physiological differences in the plaintiffs in Billeaud, supra, and the instant case such as to make Billeaud, supra, inapplicable here.
The trial court is given great discretion in awarding damages and will not be reversed absent clear error. L.S.A.-C.C. art. 1934(3); Perniciaro v. Brinch, 384 So.2d 392 (La.1980); and Circello v. Government Employees Insurance Company, 425 So.2d 239 (La.App. 1st Cir.1982). We find that the trial court did not abuse its discretion in its award to the plaintiff. See Richard v. Guillory, 392 So.2d 777 (La.App. 3rd Cir. 1980).
For the above and foregoing reasons, judgment of the trial court is affirmed. Costs of this appeal should be borne equally by both parties.
AFFIRMED.