530 So.2d 1186 (1988)
Richard RED, Plaintiff-Appellee,
v.
Sam TARAVELLA, Defendant-Appellant.
No. 19659-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
*1187 Nelson W. Cameron, Shreveport, for defendant-appellant.
Donald E. Miller, Shreveport, for plaintiff-appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Samuel Taravella, appeals a trial court decision ordering him to pay the plaintiff, Richard Red, $20,000 in general damages for personal injury arising from a barroom altercation. We amend and affirm the trial court judgment.

BACKGROUND FACTS
The plaintiff, Richard Red, is a 6'6", 220 lb. former Marine. The defendant, Samuel Taravella, is a much smaller individual who weighed approximately 145 lbs. at the time of this incident. The defendant and his girlfriend, Brenda Watson, went to the Sheraton Hotel in Shreveport about 8:00 p.m. on September 8, 1986 in order for Ms. Watson to interview for a position at the hotel. The defendant entered Jacque's Lounge at the hotel and began drinking. The defendant had four to five drinks during the course of the evening. Around midnight, the defendant was joined in the lounge by Ms. Watson.
Shortly after midnight (on September 9, 1986) the plaintiff entered the lounge, sat down at the bar near Ms. Watson, and ordered a drink. The plaintiff gave the bartender a $20 bill to pay for the drink. At that time the defendant was on the dance floor dancing with another lady.
While waiting for his change, the plaintiff briefly engaged in casual conversation with Ms. Watson. The defendant returned from the dance floor and sat at the bar next to the plaintiff. Plaintiff's change was placed on the bar and the defendant reached over to take it. The plaintiff told him that the change was for the drink he had just ordered. Without provocation, the defendant then picked up his own drink glass and attacked the plaintiff, striking him on the left side of the face with the glass. The glass broke, cutting the plaintiff and causing his injuries.
The plaintiff undertook to subdue the defendant and the two men fell to the floor. The plaintiff's glass broke during the fall, cutting his hand and accidentally cutting the left side of the defendant's face.
Security guards were summoned, the two men were separated and taken to the lobby of the hotel. The defendant broke away from the guards and kicked the plaintiff in the upper inner thigh, resulting in a large hematoma. The defendant was again subdued and the two men were arrested for fighting in a public place. The criminal charges pending against both plaintiff and defendant were subsequently dismissed.
The plaintiff and defendant were taken to LSU Medical Center for treatment. The plaintiff sustained several lacerations to the left side of his face and his right index finger which required stitches. The plaintiff also suffered a large hematoma to the upper inner thigh of the right leg.
The plaintiff filed suit against the defendant claiming damages totalling $239,110. The defendant answered and filed a reconventional demand against the plaintiff for $189,419.55, claiming that the plaintiff struck the first blow and was therefore the aggressor. The defendant later claimed that the plaintiff used excessive force in subduing the defendant. The defendant admitted kicking the plaintiff but said he did so because the plaintiff laughed at him in "a harassing and embarrassing manner."
The case was tried April 23, 1987. All witnesses called by the plaintiff testified that the defendant was the aggressor. The only witness called by the defendant was *1188 Ms. Watson. Her testimony and that of the defendant was contradictory to the version of the incident related by all other witnesses.
On July 20, 1987, a judgment was signed by the trial court ordering the defendant to pay the plaintiff $20,000 in general damages and $100 in special damages for the ambulance fee. The defendant's reconventional demand against the plaintiff was denied.
In written reasons for judgment, the trial court found that the defendant initiated the altercation, striking the plaintiff without provocation. The court found that as a result of the attack, the plaintiff suffered a badly bruised thigh, as well as scarring on his upper left temple below his left eye and on his nose. The court found the scarring to be noticeable and significant, but not grossly disfiguring, and found that the scars would fade to some extent over time.
In denying the defendant's reconventional demand, the court found that the defendant's injuries were incurred accidentally during the altercation. The court also implicitly found, contrary to the defendant's assertions, that plaintiff had not used unreasonable force in defending himself.
The defendant appealed the trial court judgment. In his brief on appeal, the defendant accepted the plaintiff's version of the facts. The defendant argues the trial court erred in awarding the plaintiff $20,000 in general damages, considering the plaintiff's age and background, the medical evidence, and the fact that the plaintiff had not requested plastic surgery to correct the scarring. The defendant contends the general damage award should be reduced to $7,500. The defendant does not contest the $100 award for special damages.
The defendant also argues that the trial court erred in denying his reconventional demand. The defendant contends the plaintiff used excessive force to defend himself by using a dangerous instrumentality, a glass. In essence, the defendant argues the plaintiff should have put his drink down on the bar before he attempted to subdue the defendant and should have realized the defendant would be cut by the glass. The defendant contends he should be awarded damages in an amount similar to that awarded the plaintiff as well as $3,300 in future medical expenses.

EXCESSIVE DAMAGES
The defendant contends that the $20,000 general damage award made by the trial court was excessive under the facts of this case. We find that this argument has merit.
An award of damages is left largely to the discretion of the trier of fact. Before an appellate court can disturb such an award, the record must clearly reveal that the trier of fact abused its discretion in making the award and that the finding is manifestly erroneous. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Boswell v. Roy O. Martin Lumber Company, Inc., 363 So.2d 506 (La.1978); Howery v. Linton, 452 So.2d 295 (La.App. 2d Cir.1984); Smith v. Louisiana Farm Bureau Mutual Insurance Company, 440 So.2d 801 (La. App. 1st Cir.1983), writ denied 444 So.2d 1226 (La.1984); Morvant v. Smith, 463 So. 2d 75 (La.App. 3rd Cir.1985); Hukill v. U.S. Fidelity & Guaranty Company, 386 So.2d 172 (La.App. 3rd Cir.1980), writ denied 392 So.2d 664 (La.1980); Smith v. Southern Pacific Transportation Company, Inc., 467 So.2d 70 (La.App. 4th Cir. 1985); Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982).
Thus, the initial inquiry must always be directed at whether the trial court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's much discretion in the award of damages. Reck v. Stevens, 373 So.2d 498 (La.1979). It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reasons, be considered either excessive or insufficient. Reck v. Stevens, supra.
If an award is found to be manifestly erroneous, the appellate court may raise the award only to the lowest reasonable point, or lower it to the highest reasonable *1189 point. Reck v. Stevens, supra; Smith v. Southern Pacific Transportation Company, supra.
In the instant case, the forty-three year old plaintiff suffered several cuts to his face and index finger which required stitches. In addition, the plaintiff suffered a large hematoma to his upper inner thigh which healed without incident. As found by the trial court, these injuries were inflicted upon the plaintiff in a public place and subjected him to public embarrassment and humiliation.
The plaintiff received treatment for his injuries immediately following the incident. However, the record does not show that the plaintiff required or received any subsequent treatment. There was no nerve involvement with the plaintiff's facial cuts and the record does not indicate that these injuries in any way interfered with the plaintiff's work. The record does not offer any proof of the extent of the plaintiff's scars after his injuries healed, except the trial court's remarks that although the scars were noticeable, they were not grossly disfiguring and would probably fade to some extent with the passing of time. No photographs taken shortly before trial were included in the record, nor was additional medical evidence offered concerning the permanency of the injuries. The hematoma on plaintiff's leg apparently healed without difficulty.
Given the fact that there is no showing that plaintiff's injuries produced any lasting disability and the fact that, for this particular plaintiff, the scarring was not grossly disfiguring and the fact that he had not sought treatment to have the scars corrected, the trial court award of $20,000 in general damages appears to be excessively high and therefore constitutes an abuse of discretion by the trial court.
Having found that the trial court abused its discretion by making an excessively high award, we may only lower the award to the highest reasonable point. Reck v. Stevens, supra. Only after a determination of abuse of discretion has been reached, as in the present case, is resort to prior awards appropriate for purposes of determining what would be an appropriate award. Reck v. Stevens, supra.
In Coignet v. Deubert, supra, the plaintiff and defendant had a verbal dispute in a bar concerning the defendant's spouse. Later, the defendant walked up to the plaintiff who was seated on a bar stool, spun the plaintiff around and hit him in the face with a beer glass. The plaintiff's facial cut required forty stitches and left a permanent visible scar which was correctible with plastic surgery. In that case, a general damage award of $4,000 was held to be adequate.
In Hukill v. U.S. Fidelity & Guaranty Company, supra, a female plaintiff suffered lacerations to her face in an auto accident. The lacerations caused scarring for which the plaintiff underwent plastic surgery. The court found a general damage award of $10,000 to be adequate.
In Landry v. Davis, 351 So.2d 838 (La. App. 1st Cir.1977), an award of $3,000 was upheld for the plaintiff who was kicked in the face and cut with a glass. These injuries resulted in minor scarring.
In Moore v. Smith, 303 So.2d 246 (La. App. 2d Cir.1974), a general damage award of $5,000 was upheld for a plaintiff who was cut and scarred when he was thrown through the plate glass door of a bar at closing time.
In Morvant v. Smith, supra, a general damage award of $17,500 was affirmed to a minor plaintiff who was cut and scarred about the face and shoulders when he was struck by a juice bottle thrown at him by another youth. The plaintiff's lacerations required sixty-nine stitches and caused scars which could largely be corrected by plastic surgery.
In view of the relative lack of severity of the present plaintiff's injuries compared to injuries in prior cases and in comparing the damage award in this case with prior damage awards, we find that the trial court abused its discretion in awarding the plaintiff $20,000 in general damages. In accord with Reck v. Stevens, supra, we must reduce this award only to the highest reasonable point. Accordingly, we reduce the *1190 plaintiff's general damage award for personal injury, embarrassment and humiliation to $10,000.

EXCESSIVE FORCE
The defendant argues that the trial court erred in rejecting his reconventional demand. During the altercation, the defendant's face was cut by a glass held by the plaintiff which broke when the plaintiff and defendant fell to the floor. The trial court found that this injury was accidental. The defendant contends that the plaintiff knew or should have known the glass would break and would injure the defendant. The defendant contends that the plaintiff armed himself with a dangerous instrumentality and used excessive force against him. Therefore, the defendant claims the plaintiff is liable to him for general damages and for future medical expenses to correct his scarring. This argument is meritless.
Even when another party is the initial aggressor, the victim may use only so much force as is reasonably necessary to repel the attack and if he goes beyond that point, he is liable for damages. Babineaux v. Pernie Bailey Drilling Company, 335 So.2d 747 (La.App. 3rd Cir.1976), writ denied 339 So.2d 23 (La.1976); Stewart v. Vidrine, 408 So.2d 413 (La.App. 1st Cir. 1981); Neville v. Johnson, 398 So.2d 111 (La.App. 3rd Cir. 1981); Curry v. Bagwell, 379 So.2d 1163 (La.App. 2d Cir.1980), writ denied 383 So.2d 782 (La.1980).
In determining the amount of force which is justified in repelling an attack, all facts and circumstances at the scene of the incident must be considered. Curry v. Bagwell, supra.
In the present case, the defendant has failed to show that the plaintiff used excessive force to repel the attack. He has also failed to show that he was intentionally cut by the plaintiff after he was subdued. The plaintiff did not use excessive force and the trial court found that the plaintiff's glass was accidentally broken and the defendant was accidentally cut during the affray. These findings of fact are not manifestly erroneous. Therefore, we affirm that portion of the trial court judgment rejecting the defendant's reconventional demand.

CONCLUSION
For the above stated reasons, the trial court judgment awarding damages to the plaintiff is affirmed. However, we amend the trial court judgment to reduce the award to the plaintiff to $10,000 for general damages. The defendant has not contested the special damage award of $100 to the plaintiff.
Therefore, it is ordered, adjudged and decreed that the defendant, Samuel Taravella, pay unto the plaintiff, Richard Red, the sum of $10,000, plus legal interest thereon from date of judicial demand, until paid. All costs in this court and in the court below are taxed to the defendant.
We affirm that portion of the trial court judgment rejecting the reconventional demand of the defendant, Samuel Taravella, against the plaintiff, Richard Red.
AMENDED AND AFFIRMED.