546 So.2d 322 (1989)
Randall J. FONTENOT, Plaintiff-Appellee,
v.
Brent "Alphan" FONTENOT, Defendant-Appellant.
No. 88-258.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*323 Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Gary J. Ortego, Ville Platte, for defendant-appellant.
David Carriere, Opelousas, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
LABORDE, Judge.
On September 3, 1986, plaintiff, Randall J. Fontenot, filed suit against defendant, Brent "Alphan" Fontenot, seeking damages for injuries sustained as a result of a battery committed by defendant during a barroom altercation. Defendant filed a reconventional demand and a third party demand against Burke Vidrine, the owner of the bar.[1] After a trial on the merits, the trial court awarded plaintiff $8,000.00 in general damages and $3,395.32 in special damages. From this judgment defendant appeals. We affirm.

FACTS
At about 11:30 p.m. on July 13, 1986, plaintiff was playing pool in the "Red Baron Lounge," a barroom and pool hall located in Ville Platte. Suddenly, he saw two women start fighting in the archway which forms a passway between the poolroom section of the bar and the barroom. Apparently, the fight started after the women exchanged harsh or insulting words on their way to the rest room located near the archway. The women, who were at most ten feet from where plaintiff was standing, *324 fell to the floor and continued struggling. Plaintiff waited a few moments, but when neither the bar owner nor anyone else in the bar intervened, he attempted to stop the fight by grabbing the woman on top to pull her off. Plaintiff testified that it was while he was trying to separate the combatants that he was attacked by defendant, the husband of one of the women involved in the fight. Plaintiff was stabbed in the right shoulder area and upper chest with a bar glass and then hit in the face, chipping a front tooth. Plaintiff further testified that the defendant wanted to continue beating him. However, he pleaded with the defendant not to hit him again and the defendant desisted. Plaintiff's stab wound measured about 1½" in length, but extended deep into subcutaneous muscle layer for about 3½". A nurse happened to be present at the scene and she applied manual pressure and a tourniquet at a pressure point to stop the profuse bleeding. Plaintiff was brought by ambulance to Humana Hospital. There, he was taken to surgery and the laceration repaired under general anesthesia.

BATTERY
On appeal, the defendant contends that the trial court erred in finding that the defendant intentionally struck the plaintiff without provocation. He argues that the evidence and testimony at trial do not establish that a battery was committed upon plaintiff by defendant, but merely that plaintiff suffered an injury while trying to break up the fight. In particular, defendant highlights plaintiff's testimony to the effect that he was first hit from behind and thus did not see who actually stabbed him. We find defendant's position meritless. Plaintiff's burden in a tort case is to prove causation by a preponderance of the evidence. Proof by a preponderance of evidence exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Edwards v. City of Leesville, 465 So.2d 263 (La.App. 3d Cir.), writ denied, 467 So.2d 539 (La.1985). Furthermore, this burden may be met either by direct or circumstantial evidence. Where proof is made using only circumstantial evidence, that evidence taken as a whole, must exclude other reasonable hypotheses with a fair amount of certainty, though it need not negate all possible hypotheses. Landry v. State Department of Transportation and Development, 497 So.2d 743 (La.App. 3d Cir.1986), writ denied, 501 So.2d 234 (La.1987).
In the instant case, two conflicting versions of the cause of plaintiff's injuries were presented. Plaintiff's testimony that the defendant attacked him without provocation was challenged by the defendant and his witnesses. They testified, in essence, that the plaintiff's injuries were incurred accidentally during the altercation. In written Reasons for Judgment, the trial court found contrary to the defendant's assertions, that he struck the plaintiff without provocation. It stated:
"There is much discrepancy and conflict in the testimony of defendant, his wife and one Mike Everett Riley [defendant's good friend]. The court does not believe the testimony of Brent Fontenot or of his wife, Pamela Ann Fontenot, nor does the court believe the testimony of Mr. Riley. The court feels that they are not telling the truth. The court has reviewed their testimony and has come to this conclusion after a comprehensive analysis of their testimony."
The trial court is in a better position to evaluate the credibility of witnesses than an appellate court which does not see or hear the witness. Thus, in the absence of clear error, a reviewing court should adopt the trial court's finding as its own, even if other conclusions from the same evidence are equally reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After a thorough review of the record, we find that the trial court was not clearly wrong in finding that defendant committed a battery upon the plaintiff. The testimony of the plaintiff established that it was the defendant who stabbed and struck him. It also indicated that his actions were intentional and unprovoked. Furthermore, the credibility of the testimony of defendant and his witnesses was cast *325 into doubt on several occasions at trial. For example, Riley's testimony that plaintiff was left lying on the floor after defendant left the scene of the fight was contradicted by the defendant. Defendant and Riley also disagreed on how long it took for the police to arrive. Furthermore, although there was ample evidence that plaintiff bled profusely, neither the defendant nor his witnesses remembered seeing any blood on plaintiff. Thus, in the absence of manifest error, we will not overturn the trial court's determination.[2]Canter v. Koehring Company, 283 So.2d 716 (La.1973).

DAMAGES
Defendant also argues that the trial court abused its discretion in awarding damages. He does not contest the $3,395.32 award for special damages. However, he contends that the $8,000 general damage award made by the trial court was excessive under the facts of this case. We disagree. An award of damages is left largely to the discretion of the trier of fact. An appellate court should not disturb such an award, unless the record clearly reveals that the trier of fact abused his discretion in making the award and that the finding was manifestly erroneous. See Red v. Taravella, 530 So.2d 1186 (La.App. 2d Cir. 1988) and the cases cited therein. Each personal injury case must be evaluated according to its own peculiar facts and circumstances. In its Reasons for Judgment the trial court stated:
"... [i]t is undisputed that plaintiff suffered considerably from the wound, which was deep, and which had to be enlarged in order to properly perform the surgery required. It healed, but plaintiff is badly scarred, and even today has no circulation about the scar. He fortunately has regained the use of his arm and is now employed. Considering the pain, trauma, having to undergo general anesthesia and surgery, and the seriousness of the injury, and the damage to a front tooth, the pain and suffering endured, the court finds that plaintiff is entitled to the sum of $8,000.00 in general damages."
After reviewing the record, we do not find that the trial court's award for these particular injuries and their effects upon the injured plaintiff is a clear abuse of the trial court's much discretion in the award of damages. Reck v. Stevens, 373 So.2d 498 (La.1979).
Finally, for the foregoing reasons we reject plaintiff's demand for an increase in general damages.
Accordingly, the judgment of the trial court is affirmed at defendant's costs.
AFFIRMED.
NOTES
[1] During the trial, defendant moved to dismiss Burke Vidrine as a third party defendant in this suit.
[2] Because of our determination of this matter, we pretermit any discussion of the other arguments raised by the defendant on this issue.