617 So.2d 176 (1993)
Frances L. GLENN, Plaintiff-Appellant-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE, CO., et al., Defendant-Appellee-Appellant.
No. 92-485.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*177 Eugene Paul Cicardo, Alexandria, for Frances L. Glenn.
DeWitt T. Methvin Jr., Alexandria, for State Farm Mut. Auto. Ins. Co. et al.
David Lynn White, Bossier City, for Liga.
Before DOMENGEAUX, C.J., and LABORDE and DECUIR, JJ.
DECUIR, Judge.
At issue in this tort action is whether the district court committed manifest error in dismissing the demands of both parties on the basis that neither satisfied his burden of proving by a preponderance of the evidence that the other party's negligence was the sole cause of the party's intersectional automobile collision.
This is an action for damages brought by Frances L. Glenn arising out of an automobile collision at the intersection of MacArthur Drive and Rapides Avenue in Alexandria, Louisiana on December 11, 1990. The defendants, Catherine Scheffler and State Farm Mutual Automobile Insurance Company, answered and filed reconventional and third party demands against Glenn and her insurer, Louisiana Indemnity Company. A bench trial was held and the trial court found that neither party had proven their claim by a preponderance of the evidence and therefore, dismissed both suits at their costs. From this judgment both parties have appealed. We reverse.

FACTS
The parties agree on these basic facts. On December 11, 1990 at approximately 6:30 p.m., Catherine Scheffler, defendant herein, was traveling on Rapides Avenue in the City of Alexandria, Louisiana. Mrs. Scheffler approached a red light at the intersection of MacArthur Drive and Rapides Avenue and stopped her vehicle in the northern most traffic lane, obeying the red light signal.
Mrs. Frances Glenn, plaintiff herein, at the same point in time was traveling on MacArthur Drive in the left hand lane of traffic, headed in a northerly direction, approaching the same traffic semaphore.
Mrs. Glenn stated that as she approached the intersection, the traffic light turned from green to yellow and she continued on into the intersection because she did not have time to stop.
Mrs. Scheffler testified that there was a vehicle immediately to her left that was *178 blocking her view of the traffic traveling northerly on MacArthur Drive. She stated she waited for the traffic signal to turn to green at which time she pulled out into the intersection. She stated she never saw any traffic coming and could not check because of the vehicle immediately to her left. She further stated that the vehicle immediately to her left stayed in a stationary position at the time she pulled into the intersection.
Mrs. Glenn being unable to stop and Ms. Scheffler pulling forward, both being on a crash course, collided with each other in the left hand lane of traffic on MacArthur Drive which was headed in a northerly direction.

LAW
In civil suits, negligence is never presumed and the burden is on the plaintiff to establish his claim by a preponderance of the evidence. Stewart v. Hanover Insurance Co., 416 So.2d 286 (La.App. 3rd Cir.1982), writ denied, 421 So.2d 907 (La. 1982). This burden is the same for a plaintiff-in-reconvention. Pillsbury Mills, Inc. v. Chedhardy, 231 La. 111, 90 So.2d 797 (1956). Proof by a preponderance of the evidence exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Fontenot v. Fontenot, 546 So.2d 322 (La.App. 3rd Cir.1989). If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary's case and necessarily loses. Miller v. Leonard, 588 So.2d 79 (La.1991).
Applying these principles of law, the trial court concluded that neither party had carried its burden of proof. We disagree.
While the evidence in this case is scant, the issue maybe resolved by reference to LSA-R.S. 32:232. In pertinent part, LSA-R.S. 32:232 provides:
§ 232. Traffic-control signals
Whenever traffic is controlled by traffic-control signals exhibiting different colored lights, or colored lighted arrows, successively one at a time or in combination, only the colors green, red and yellow shall be used, except for special pedestrian signals carrying a word legend, and said lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
(1) GREEN indication:
(a) Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.
* * * * * *
(2) Steady YELLOW indication:
(a) Vehicular traffic facing a steady yellow signal alone is thereby warned that the related green signal is being terminated or that a red signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red signal is exhibited.
* * * * * *
 (emphasis supplied)
The trial court found both witnesses to be equally credible. Glenn testified that she entered the intersection on a yellow light and was struck while still in the intersection. According to LSA-R.S. 32:232 she had an obligation to not "be crossing" the intersection when the light changed from yellow to red. Ms. Scheffler testified that she entered the intersection on a green light. Her obligation was to yield to vehicles "lawfully" in the intersection at the time the light changed. Assuming the testimony of both witnesses is correct, and applying the language of LSA-R.S. 32:232, there is no way Glenn could have been "lawfully" in the intersection at the time of the accident. Therefore, we find that Glenn was 100% at fault in causing the accident.
We now turn to the issue of damages. Pursuant to LSA-C.C.P. Art. 2164, the Courts of Appeal are empowered to award damages in cases such as this where *179 the trial court initially rendered a judgment of dismissal. Sheppard v. Travellers Insurance Company, 333 So.2d 342 (La.App. 3rd Cir.1976).
For the above and foregoing reasons the judgment of the district court is reversed insofar as it dismissed the reconventional demands of Catherine Scheffler and State Farm Mutual Automobile Insurance Company. Judgment is hereby rendered in favor of Catherine Scheffler in the amount of $250.00 and in favor of State Farm Mutual Automobile Insurance Company, in the amount of $4,508.83, plus legal interest thereon from the date of judicial demand until paid. The judgment of the district court is affirmed insofar as it dismisses the claim of Frances L. Glenn. Costs at trial and on appeal are assessed against Frances L. Glenn.
Affirmed in Part, Reversed and Rendered in Part.