736 So.2d 936 (1999)
Mary Beth BULLARA, et al., Plaintiffs-Appellees,
v.
CHECKER'S DRIVE-IN RESTAURANT, INC., et al., Defendants-Appellants.
No. 98-1331.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
*937 G. Douglas Dean, Opelousas, for Mary Beth and Vincent Bullara.
Keith J. Landry, New Orleans, for Checkers Drive-In Restaurant, et al.
BEFORE: YELVERTON, COOKS and PETERS, Judges.
COOKS, Judge.
On June 28, 1996, Mary Bullara ordered two chili dogs and a large Dr. Pepper at the Checker's "drive thru window." Checker's is a fast-food restaurant located in Opelousas. After receiving her order, Mary Bullara drove straight home. She immediately ate the first hot dog and then started eating the second one. After a few bites of the second chili dog, Mary Bullara felt something crunchy in her mouth. She opened the chili dog and realized she had eaten part of a roach that was between the weiner and the bun. The chili was on top of the weiner.
According to Mary, she immediately became nauseated and threw up in the bathroom. She called her husband at work and told him what happened. Mary then went to Dr. W.J. Briley, a general practitioner, who found her to be very upset. The doctor prescribed Zantac to calm her down. He testified she was shaking, perspiring and had "broken out in hives." Dr. Briley also stated her blood pressure was high; and as he continued to treat her, Mary had no appetite and was losing weight. By September 25, 1996, some three months after the incident, Dr. Briley noted Mary was still having problems, had lost approximately ten pounds, and had not eaten a complete meal since the incident.
In the days following the incident, Mary's jaw began hurting, and she went to see Dr. Brad Davis, a general dentist. Dr. Davis found she was suffering from temporomandibular joint (TMJ) problems. Although he felt her case was not severe, he prescribed a soft splint for two months. He eventually prescribed a hard splint for her use twenty-four hours a day, except when eating. The record is not clear how long Mary wore the hard splint. But, we know she began wearing it on October 8, *938 1996, and discontinued using it by January of 1998. Dr. Davis stated Mary's trouble eating and chewing was related to her fear of biting into a foreign object.
Her husband, Vincent Bullara, testified his wife was red in the face, stuttering and shaking when he first saw her after the incident. He also stated he had to do all of the cooking because his wife did not have an appetite; their relationship suffered and they did not have sex for a few months after the incident because his wife was not in the mood.
Mary and Vincent filed suit against Hometown Drive-In Restaurant (the owner of Checker's) and its insurer, the Hartford, for damages resulting from Mary biting into the roach found in the chili dog she purchased from Checker's. After a trial on the merits, the judge rendered judgment in favor of plaintiffs, awarding Mary Bullara $22,500.00 in general damages for her TMJ problems and emotional distress and $855.91 in medical expenses. The judge also awarded Vincent Bullara $5,000.00 for loss of consortium. From this judgment the defendants have lodged this appeal, asserting the following assignments of error:
1. The trial court erred in finding defendants liable for plaintiffs' damages since plaintiffs failed to establish Hometown breached its duty to act as a reasonably prudent restauranteur.
2. The trial court erred in awarding damages to plaintiffs and, alternatively, that such awards were excessive.

ANALYSIS
In Porteous v. St. Ann's Café & Deli, 97-0837 (La.5/29/98); 713 So.2d 454, the Louisiana Supreme Court held the proper analysis to determine a defendant's liability in a restaurant-harmful food product case is found in Louisiana's substantive law as reflected in the Louisiana Civil Code articles pertaining to liability and damages for offenses and quasi offenses the traditional duty risk tort analysis. A duty risk analysis requires proof of five separate elements: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or scope of protection; and (5) damages. Porteous, Id. (citing Roberts v. Benoit, 605 So.2d 1032 (La.1991) (on rehearing)).
The court in Porteous set out the duty of a food provider as follows:
A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food.
Porteous, Id. at 457.
Defendants contend the trial court did not apply a duty/risk analysis and therefore, the trial court's decision was based on an erroneous application of law and is not entitled to the manifest error standard of review. We disagree. While the trial judge did not specifically state he was using a duty/risk analysis, a review of his written reasons for judgment clearly shows he did employ such an analysis. The trial judge found "it was incumbent upon Checker's through its employees to take all necessary precautions when preparing its chili dogs to sell to the general public" and that "Checker's failed in its duty owed to the general public in this case."
The trial judge found the roach was in the chili dog when Mary received it from Checker's. Checker's, thus, was negligent in allowing the roach to enter the chili dog and/or failing to discover it and serving it to Mary. Checker's, therefore, breached a duty owed to the general public, i.e., the "selecting, preparing and cooking [of] food, including the removal of injurious substances." Porteous, Id. at 457.
Defendant argues because roaches are so abundant in south Louisiana, it fulfilled its duty as a reasonably prudent restauranteur by implementing pest control procedures *939 as well as policies regarding food preparation and removal of foreign substances in its food products. However, despite these policies defendant failed in its duty to keep roaches out of the food prepared on its premises.
The trial court correctly found defendant had a duty to act as a reasonably prudent restauranteur in the preparation of its food; that it breached this duty by serving Mary a chili dog with a roach; and that the breach caused damages to the Bullaras.
Defendant also argues the trial court abused its discretion in awarding excessive damages. The discretion vested in the trier of fact is great, and even vast. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong, and "where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, 617 So.2d 880, 883 (La.1993).
The trial court found Mary was a "very credible witness and ... believed the accuracy of her testimony." In his written reasons the trial judge noted how Mary became visibly upset when asked to look at the chili dog while on the witness stand. Both Dr. Briley and Dr. Davis felt Mary was truthful in her complaints, and related her illness to biting and eating the roach in the chili dog. Dr. Davis also testified Mary's TMJ problems were caused by the roach incident. Dr. Briley also attributed her rapid weight loss to the eating problems she had following the roach incident. In his opinion, it was highly likely that the roach incident was a precipitating factor of Mary's high blood pressure readings.
Defendants also contend the trial court erred in awarding Vincent Bullara damages for loss of consortium. Loss of consortium is more than just a loss of general overall happiness, it also includes love and affection, society and companionship, sexual relations, the right of performance of material services, and felicity. Brasseaux v. Town of Mamou, 97-1540 (La.App. 3 Cir. 5/20/98); 713 So.2d 742. The trier of fact is given much discretion in awards for loss of consortium and will not be overturned on appeal in the absence of an abuse of discretion. Doucet v. Doug Ashy Bldg. Materials, Inc., 95-1159 (La. App. 3 Cir. 4/3/96); 671 So.2d 1148. Vincent Bullara testified his wife was so disgusted and nauseated in the presence of food that he had to do all of the cooking, and that he had to eat his meals alone. He testified as of the trial date his wife still could not eat an entire meal. He stated there was friction in their relationship after the incident that had not been there before, and they did not have sex for a few months after the incident because his wife was not in the mood.
After reviewing the record, we cannot say the trial court abused its vast discretion in awarding Mary Bullara $22,500.00 in general damages for the entirety of the problems she suffered after biting into the roach. Although the amount awarded may be on the high end, we cannot say that the trial court abused its discretion in awarding Vincent Bullara $5,000.00 for his loss of consortium.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendants-appellants.
AFFIRMED.