It GREMILLION, Judge.
In this case, the plaintiff, Rosa King, appeals the trial court’s grant of summary judgment in favor of the defendants, the Lafayette City Police Department (LPD) and the Lafayette Communications Service District (“911”), dismissing her claim.[1] For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Sharonetha King and others, who are not parties to this appeal, filed suit in March 1996, against the defendants alleging that 911 was negligent in failing to immediately dispatch LPD in an emergency and that LPD was negligent for failing to arrive on the scene in a more timely fashion in response to this emergency.
The unfortunate event precipitating the call to 911 for assistance was Sharonetha’s estranged husband, Eddie D. Sion, seriously injuring her by repeatedly striking her' in the head with a hammer in August *1099 1994. Sharonetha suffered severe brain trauma and permanent disability.
Following discovery, both parties filed motions for summary judgment. After a hearing on July 30, 2001, the trial court granted LPD’s motion for summary judgment, thereby rendering -King’s motion moot. King’s claim was dismissed and she timely appealed to this court.
ISSUES
King urges that the trial court erred in granting LPD’s motion for summary judgment by:
| s.1. Holding that amended La.Code Civ.P. art. 966 required that the court grant summary judgment, and
2. Requiring King to show that the police could have timely responded to prevent her injuries.
SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party’s claim. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evi-dentiary burden at trial, no genuine issues of material fact exist. Id.
Material facts are those that determine the outcome of the legal dispute. Soileau v.D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. Id. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).
The trial court’s grant of summary judgment centered around its finding that King would be unable to meet her burden in proving the essential element of | .¡cause at trial. King’s argument centers on one sentence of La.Code Civ.P. art. 966(C)(2), which we reproduce here in its entirety:
The burden of proof remains with the movant. However, if the movant will not bear the burdén of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
(Emphasis added).
In a tort action, the duty/risk analysis applies and the plaintiff bears the burden of proving that the defendant owed a duty to her and the defendant breached that duty, which was the eause-in-fact of her actual damages. See Bullara v. Checker’s Drive-In-Restaurant, Inc., 98-1331 (La.App. 3 Cir. 3/3/99), 736 So.2d 936. The plaintiff bears the burden of proving these elements by a preponderance of the *1100 evidence. See Glenn v. State Farm Mut. Auto. Ins. Co., 617 So.2d 176 (La.App. 8 Cir.1993).
King argues that LPD did not show that there was an absence of factual support for one or more elements of her claim because she presented testimony of a Lafayette Police officer who was not assigned to the police zone in which Sharonetha resided, but who arrived at the scene within one minute of hearing the dispatch. She argues that it should be left for the jury to determine whether LPD was negligent for failing to have officers in Sharonetha’s residence zone; and whether one or more officers should have been in the zone who could have timely intervened in the | ¿situation. However, King still fails to show how she will be able to “produce factual support sufficient to establish that [s]he will be able to satisfy [her] evidentia-ry burden of proof at trial.” La.Code Civ.P. art. 966(C)(2).
The evidence presented in support of the motion for summary judgment indicated that the first call to 911 was made by Tequila King, Sharonetha’s teenage cousin, at 8:09:28 p.m., but Sion ripped the telephone cord out of the wall before Tequila could proceed. Thereafter, Sharonetha retrieved the phone, plugged it back into the wall, and responded to the call returned to the residence by 911 at 8:10:05 p.m., as evidenced by 911 records. The 911 operator, Norma Glover, who returned the call, testified via affidavit that she sent notice to the police requesting assistance at the residence at 8:10:42 p.m. She further stated, and the 911 tape recording reveals, that she heard a man’s voice shouting and that, at 8:10:48 p.m., Sharonetha made the statement: “Don’t hit me wi_,” which was followed by the sound of contacts and clicking as if the phone were dropped. At 8:11:43 p.m., Tequila resumed conversation with Glover. Tequila testified at Sion’s criminal trial that he had already fled the scene at this point. Finally, Tequila made a third call to 911 at 8:14:31 p.m., to inquire when assistance would be arriving.
Officer Julie Mouton of LPD testified that she received the 911 notification from Glover at 8:10:42, after which she dispatched two police units from the south side of Lafayette to this call on the north side of Lafayette at 8:19 p.m. Officer Mouton further testified that the reason for the delay was that no units were available during that nine minute time frame and these two units were the first to become available.
| ¡After reviewing the evidence, we agree with the trial court that no genuine issues of material fact exist as to whether King would be able to prove causation at trial. The cause of Sharonetha’s injuries was clearly Sion’s actions, which could not have been prevented by LPD. LPD received notice of the call at 8:10:42 p.m., and the injuries perpetrated upon Shar-onetha were delivered beginning at 8:10:48 p.m., some six seconds later. Based on Tequila’s testimony that Sion had fled the scene by 8:11:43 p.m., there is no genuine issue of material fact that Sharonetha’s disabling injuries occurred during this time frame of less than one minute. It was virtually a physical impossibility for LPD to arrive in time to prevent her injuries. Furthermore, King has not offered any evidence to prove otherwise. King steadfastly argues that the jury should decide at what point in time Sharonetha’s disabling injuries occurred, implying that it may have been at a time later than that of the 911 call. However, she produces no evidence whatsoever to support that Shar-onetha’s injuries may have occurred after the calls to 911. This might be a genuine issue of material fact if there were any evidence in the record to support it. Because there is none, we must find that *1101 summary judgment was properly granted in favor of the defendants. We find the issue of whether or not LPD should have had officers available in a particular zone irrelevant to our finding that it could not have prevented King’s injuries.
CONCLUSION
The judgment of the trial court granting summary judgment in favor of the defendants-appellees, the Lafayette City Police Department and the Lafayette Communications Service District, is affirmed. All costs are assessed against thejjplaintiff-appellant, Rosa King.
AFFIRMED.

. Rosa King was appointed curator for Shar-onetha King, the victim, in 1996.